UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PLASTIC DEVELOPMENT GROUP, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 1:25-cv-02207-JMS-MG |
| *vs.* | ) | |
| | ) | |
| INDIANA GOLF CARTS LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

### ORDER

Plaintiff Plastic Development Group, LLC ("PDG") initiated this litigation in October 2025 against Defendant Indiana Golf Carts LLC ("IGC"). Presently pending before the Court is PDG's Motion for Entry of Default. [Filing No. 23.] The Court considers PDG's Motion and also discusses a jurisdictional issue.

### I.
### MOTION FOR ENTRY OF DEFAULT

PDG filed its initial Complaint in this case on October 27, 2025 and after the Court issued several Orders regarding jurisdictional issues with PDG's allegations, it filed an Amended Complaint, [Filing No. 11], on October 29, 2025 and a Second Amended Complaint, [Filing No. 17], on November 1, 2025. On December 4, 2025, PDG filed a Motion for Entry of Default in which it argues that IGC did not answer or otherwise plead to the Second Amended Complaint within the deadline for doing so. [Filing No. 23.] The same day, IGC filed a Motion for Extension of Time to File Answer, [Filing No. 28], an Answer, [Filing No. 27], and an Opposition to Motion for Default, [Filing No. 29].

On December 19, 2025, the Magistrate Judge granted IGC's Motion for Extension of Time to File Answer, finding that IGC's failure to timely file its Answer was due to "excusable neglect"

and stating that IGC's Answer would be accepted as timely. [Filing No. 36 at 1.] Based on the Magistrate Judge's finding that IGC's failure to timely file its Answer was due to excusable neglect and that the Answer is accepted as timely, the Court **DENIES** PDG's Motion for Entry of Default. [Filing No. 23.]

## II.
### JURISDICTIONAL ISSUE

A review of IGC's Answer reflects that IGC disagrees with some of PDG's jurisdictional allegations. Specifically, in its Answer IGC states that it lacks information or knowledge sufficient to form a belief as to the truth of allegations related to PDG's citizenship and denies allegations relating to the amount in controversy. [Filing No. 27 at 1-2.] This leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and to file a joint jurisdictional statement by **January 30, 2026**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If

agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date. This is the fourth jurisdiction-related order the Court has had to issue in this case, and the parties are cautioned that this matter will not move forward until all jurisdictional issues are resolved.

### III.
### CONCLUSION

For the foregoing reasons, PDG's Motion for Entry of Default, [23], is **DENIED** and the parties are **ORDERED** to conduct whatever investigation is necessary and to file a joint jurisdictional statement by **January 30, 2026**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

Date: 1/9/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**